IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTORIA HOLLOMAN,

    Plaintiff,

v.

    Case No. 26-CV-2047-JWB-TJJ

RADIUS GLOBAL SOLUTIONS LLC,

    Defendant.

## ORDER

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination and civil rights violations. This matter is currently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 6) and Plaintiff's Motion to Stay Proceedings (ECF No. 8). For the reasons set forth below, Plaintiff's Motions are denied without prejudice.

### I.    Plaintiff's Motion for Appointment of Counsel (ECF No. 6)

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

raised in the claims, the litigant's ability to present her claims, and the complexity of the legal issues raised by the claims."[3]  Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[4] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[5] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time.  First, Plaintiff's Motion fails to show she has made diligent efforts to secure an attorney on her own and fails to include at least five attorneys she has contacted.   Next, Plaintiff appears wholly capable of presenting her case.  The Court is satisfied that Plaintiff is capable of articulating her positions and presenting her claims without the aid of counsel.  Plaintiff's

---

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[5] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

pleadings are sufficiently cogent to present her positions. While the Court acknowledges Plaintiff does not have legal training and does not doubt that a trained attorney would handle the matter more effectively, "the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[6]  Plaintiff has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the Court herself in this case, particularly given the liberal standards governing *pro se* litigants.  Finally, and although Plaintiff characterizes this case as severe and involving serious misconduct, the Complaint itself does not present complex legal or factual questions requiring the assistance of counsel at this stage.

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after the filing and resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[7]  The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

## II.   Plaintiff's Motion to Stay Proceedings (ECF No. 8)

Plaintiff has also filed a Motion to Stay Proceedings (ECF No. 8).   Plaintiff's Motion requests the Court stay this matter as she is "simultaneously engaged in an active and ongoing custody matter in state court which demands substantial time, attention, and personal resources," and is

---

[6] *Cahail v. United States*, No. 25-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

[7] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

impaired in her ability to work, secure stable housing, and access transportation and public services.[8]   Plaintiff claims such hardships impair her ability to meaningfully participate in this action at this time.

The Court finds Plaintiff's request premature.   This matter was filed on January 26, 2026. The Court granted Plaintiff's Motion to Proceed In Forma Pauperis and ordered the Clerk to issue summons for Defendant on January 30, 2026.[9]   To date, Defendant has not yet been served, answered, or otherwise responded to the Complaint.   The Court will consider an appropriate time frame and schedule to move the case forward after Defendant has been served and after a scheduling conference is conducted in accordance with the process set out in Federal Rule of Civil Procedure 26.   Plaintiff may renew her request for a stay at the time of the Scheduling Conference, if warranted.   Therefore, the Court denies Plaintiff's Motion to Stay Proceedings (ECF No. 8) without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 6) and Plaintiff's Motion to Stay Proceedings (ECF No. 8) are DENIED without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated February 23, 2026, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[8] PL.'s Mot. to Stay, ECF No. 8, p. 1.

[9] *See* Order Granting Leave to Proceed In Forma Pauperis, ECF No. 4.