IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTORIA HOLLOMAN,

        Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS LLC,

        Defendant.

Case No. 26-CV-2047-JWB-JBW

## ORDER

Plaintiff, proceeding *pro se*, filed a complaint alleging employment discrimination and civil rights violations. This matter is currently before the Court on Plaintiff's Motions for Reconsideration (Dkt. 39 and 43); Plaintiff's Motion to Recognize Interference, Retaliation, and Evidence Destruction as Proof of Wrongdoing and Consciousness of Guilt (Dkt. 44); Plaintiff's Motion for Immediate Judicial Intervention Due to Ongoing Interference, Retaliation, and Impediments to Accessing the Courts (Dkt. 46); and Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 48). For the reasons stated below and during the May 26, 2026 Scheduling Conference, Plaintiff's Motion for Reconsideration of Wet Ink Signature Requirement (Dkt. 39) is GRANTED, and all of the other pending motions are DENIED.

### I.    Plaintiff's Motions for Reconsideration of Wet Ink Signature (Dkt. 39)

Plaintiff seeks reconsideration of the Court's prior order (Dkt. 38) denying her request for protection order and for waiver of the wet-ink signature requirement. Plaintiff argues reconsideration is warranted due to severe and ongoing interference with Plaintiff's ability to access physical resources necessary to produce or mail wet ink signatures. This District's Administrative Procedures for Filing, Signing, and Verifying Papers by Electronic Means ("Administrative Procedures") require that if a pro se filer submits filings as an email attachment

to the clerk's office with his or her electronic "s/" signature, the pro se party must also "submit within five business days the original version of the document bearing his/her original signature."[1]

Based on the new information Plaintiff provided the Court in her motion and at the May 26, 2026 Scheduling Conference,[2] the Court grants Plaintiff's motion and waives the wet-ink signature requirement for Plaintiff. She may submit her filings as an email attachment to the clerk's office with her electronic "s/" signature and does not need to provide a copy bearing her original signature.

## II.    Plaintiff's Motion for Reconsideration of Request for Protection Order and Notice of Escalating Retaliation, Interference, and Safety Threats (Dkt. 43)

Plaintiff's Motion for Reconsideration of Request for Protection Order and Notice of Escalating Retaliation, Interference, and Safety Threats (Dkt. 43) states there have been several new and escalating threats since the Court's prior review. Plaintiff now alleges she has been under targeted surveillance, temporarily banned from the public library, had her cellphone tampered with, and discriminated against by the Urban League. While Federal Rule of Civil Procedure 26(c) permits a court to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," this discovery rule protects a party "from whom discovery is sought" and is not applicable here. As in her original motion, Plaintiff has not provided any support for her allegations the individuals are acting at the direction of Defendant or that Defendant is responsible for the alleged activities. If these unknown individuals' conduct continues

---

[1] Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, https://ksd.uscourts.gov/sites/ksd/files/Combined%20Administrative%20Procedures.pdf, p. 27.

[2] *See* D. Kan. Local Rule 7.3.

to persist and Plaintiff believes it constitutes criminal activity or gives rise to civil liability, she is free to pursue those matters with the local law enforcement or with the appropriate court. But for purposes of this federal case against Defendant Radius Global Solutions LLC, the Court still finds no basis or authority to take any action on Plaintiff's motion. Therefore, Plaintiff's Motion for Reconsideration of Request for Protection Order and Notice of Escalating Retaliation, Interference, and Safety Threats is DENIED.

### III.   Plaintiff's Motion to Recognize Interference, Retaliation, and Evidence Destruction (Dkt. 44)

Plaintiff's motion asks the Cout to "recognize the ongoing interference, retaliation, and evidence destruction as relevant circumstantial evidence of wrongdoing and consciousness of guilt" and permit an adverse inference against any party shown to have benefited from such interference. Plaintiff's motion, however, does not make allegations against any party to this action. Plaintiff only states she has "experienced repeated and escalating interference with her ability to prepare filings, preserve evidence, access public resources, and maintain the integrity of documents relevant to this case." She provides no facts that might support such conclusory statements and fails to cite any legal authority that would permit the Court to fashion an adverse inference sanction against any party that is named in this action. Therefore, Plaintiff's Motion to Recognize Interference, Retaliation, and Evidence Destruction (Dkt. 44) is DENIED.

### IV.   Plaintiff's Motion for Immediate Judicial Intervention Due to Ongoing Interference, Retaliation, and Impediments to Accessing the Courts (Dkt. 46)

Plaintiff's motion seeks several forms of relief, including "protective relief"; recognition of ongoing interference, retaliation, and evidence destruction; waiver of the wet-ink signature requirements; and allowing Plaintiff to supplement the record with additional evidence of interference as it becomes available. However, Plaintiff again fails to provide any factual support

3

to her claims she is experiencing ongoing interference with her ability to prepare filings or is otherwise obstructed from participating in her case. Plaintiff has engaged as an active participant in this action, making several filings in this matter to date, and appearing for a Scheduling Conference. There is no evidence her ability to litigate this case has been compromised, as she suggests. Further, Plaintiff again fails to provide any legal authority to show she is entitled to the various forms of reliefs she requests, and no allegations in the motion are aimed at Defendant. Therefore, Plaintiff's Motion for Immediate Judicial Intervention Due to Ongoing Interference, Retaliation, and Impediments to Accessing the Courts (Dkt. 46) is DENIED.

Given that Plaintiff has now filed several motions requesting the same "protective relief" which have all been denied for failure to provide any factual or legal basis for such relief, the Court cautions Plaintiff that further filings requesting this relief without any factual or legal support may result in such motions being summarily denied. The Court discussed with Plaintiff during the May 26, 2026 Scheduling Conference that it lacks the authority to grant her the relief she seeks, as it is not related to the parties or subject matter of this action.

Further, Plaintiff should avoid filing motions on the same subject matter and requesting the same relief while others are pending. Filing multiple motions requesting the same relief strains the resources of the Court and generally delays a decision in the case. Any duplicate motions may also be summarily denied.

### V.      Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 48)

Plaintiff has filed a second Motion for Appointment of Counsel (Dkt. 48), stating that she has now complied with the District's requirement she contact five attorneys prior to filing a motion for appointment of counsel. Plaintiff also claims since the filing of her last motion for appointment of counsel, her circumstances have materially worsened and she is currently facing hostile living

conditions and encountering abusive litigation tactics, which warrant the appointment of counsel under 28 U.S.C. § 1915(e)(1).

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[3] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[4] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present her claims, and the complexity of the legal issues raised by the claims."[5] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his or her own.[6] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[7] Therefore,

---

[3] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[5] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[6] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[7] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys

the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel for Plaintiff at this time. Though Plaintiff has complied with this District's requirement she contact five attorneys, Plaintiff appears wholly capable of presenting her case. The Court is satisfied that Plaintiff is capable of articulating her positions and presenting her claims without the aid of counsel, and her pleadings and communications with the Court are sufficiently cogent to present her positions. While the Court acknowledges Plaintiff does not have legal training and does not doubt that a trained attorney might handle the matter more effectively, "the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[8] The Court is sympathetic to Plaintiff's circumstances, but Plaintiff has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the Court herself in this case, particularly given the liberal standards governing *pro se* litigants. Finally, and although Plaintiff characterizes this case as severe and involving serious misconduct, the Complaint itself does not present complex legal or factual questions requiring the assistance of counsel at this stage. This

---

from donating their time.").

[8] *Cahail v. United States*, No. 25-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

Court routinely deals with employment discrimination claims, such as those alleged in Plaintiff's Complaint.

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after the filing and resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[9] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Reconsideration of Wet Ink Signature Requirement (Dkt. 39) is GRANTED. Plaintiff may submit her filings to the Clerk's Office with an electronic "/s" signature, and is not required to later provide a version bearing her original signature.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Reconsideration of Request for Protection Order and Notice of Escalating Retaliation, Interference, and Safety Threats (Dkt. 43); Plaintiff's Motion to Recognize Interference, Retaliation, and Evidence Destruction as Proof of Wrongdoing and Consciousness of Guilt (Dkt. 44); Plaintiff's Motion for Immediate Judicial Intervention Due to Ongoing Interference, Retaliation, and Impediments to Accessing the Courts (Dkt. 46); and Plaintiff's Renewed Motion for Appointment of Counsel (Dkt. 48) are DENIED.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated May 26, 2026, in Kansas City, Kansas.

---

[9] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

Jennifer B. Wieland
U. S. Magistrate Judge

8