IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTORIA C. HOLLOMAN,

      Plaintiff,

v.                                   Case No.  26-2047-JWB

RADIUS GLOBAL SOLUTIONS, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss or, in the alternative, for a more definite statement and Plaintiff's motion to file a surreply.  (Docs. 19, 33.)  The motions have been fully briefed and are ripe for decision.  (Docs. 23, 24, 31.)  The motion to dismiss is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART for the reasons set forth herein.

I.      **Facts**

Plaintiff is proceeding pro se and in forma pauperis in this matter.  Plaintiff worked remotely for Defendant between May 27, 2025 and June 26, 2025.[1]  From May 27 to June 13, 2025, Plaintiff created a YouTube account where she "spoke about her love for God and support for the new administration."  (Doc. 1 ¶ 10.)  Plaintiff believes her videos were shared at work leading to discrimination.  Plaintiff alleges that she was forced into conversations about gay pride, sex changes, and identity issues, and that she was pressured to agree with viewpoints that she did not share.  (*Id.* ¶ 14.)

---

[1] The complaint states that her dates of employment were May 27, 2025 to June 26, 2024.  The court assumes that the 2024 date was a typographical error.

Plaintiff asserts that she was discriminated against because of her race (black), sex, religious beliefs, speech, status as a single mother, and sexual orientation. Plaintiff also asserts that Defendant retaliated against her for engaging in protected activity. Plaintiff brings fifteen claims against Defendant, including the following: race, sex, and religious discrimination claims under Title VII; claims of retaliation and hostile work environment under Title VII; race discrimination claims under 42 U.S.C. § 1981; a claim of First Amendment retaliation; and various state law claims.

Defendant moves to dismiss on the basis that Plaintiff's complaint is conclusory and not sufficient to state a claim. Alternatively, Defendant asks for a more definite statement. In response, Plaintiff concedes that her First Amendment retaliation claim is subject to dismissal but asserts that her remaining claims should be liberally construed as a pro se plaintiff and allowed to proceed.

## II.    Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does

not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## III.    Analysis

Plaintiff brings claims under Title VII for discrimination on the basis of her sex, race, and religion.   She also brings claims of hostile work environment and retaliation under Title VII. Plaintiff's state law claims include invasion of privacy, intentional infliction of emotional distress, negligence, negligent supervision, negligent retention, defamation, fraud, and constructive discharge.   Plaintiff's allegations, however, are almost entirely conclusory.

Plaintiff alleges that she was "scolded, yelled at and humiliated in front of others," "experienced intentional misunderstandings," "was isolated from groups," "received mock calls," "experienced invasion of privacy, including cameras and audio recordings," her "requests to speak with HR or obtain relief were ignored," she was "mocked by individuals," blocked from promotions, given incorrect information, denied unemployment benefits, and made numerous complaints and was retaliated against for making the complaints.   (Doc. 1 at 2.)   Plaintiff's complaint fails to identify any facts regarding these allegations.   Notably, Plaintiff has wholly failed to identify any actions  that were taken because of her race or sex or religion.   For example, Plaintiff alleges that she was yelled at and humiliated but fails to identify who yelled at her and what was said.   Further, with respect to her complaints, she fails to identity who she complained to and what was the substance of her complaint.   Plaintiff should know the facts surrounding her alleged discriminatory treatment, including who made the statements, whether they were coworkers or supervisors, what the statements were, who did she complain to, and what was the basis of her complaint.

"A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019). The Tenth Circuit does not "mandate the pleading of any specific facts in particular, [but] a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation." *Id.* at 1274–75. Factual allegations relevant to this inquiry include: "actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus . . . , preferential treatment given to employees [with different relevant characteristics] . . . or, more generally, upon the timing or sequence of events leading to plaintiff's termination." *Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005). Plaintiff's complaint fails to plausibly allege a claim of Title VII discrimination. It also fails to allege a claim of race discrimination under § 1981 which utilizes the same standards as Title VII. *See Gerovic v. City & Cnty. of Denver*, No. 22-1148, 2023 WL 2293518, at *7 (10th Cir. Mar. 1, 2023).

Plaintiff also fails to allege a hostile work environment claim which requires a showing "(1) that she was discriminated against because of her sex [and/or race]; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Sanderson v. Wy. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020). Further, Plaintiff has not sufficiently alleged a retaliation claim because she fails to plausibly allege facts regarding her complaint of discrimination to show that she complained of race, sex, or religious discrimination in violation of Title VII. *See Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004).

The court declines to specifically address all of Plaintiff's state law claims as she has merely listed them in her complaint without any attempt to set forth facts to establish those claims. (Doc. 1 at 3.)  In sum, Plaintiff's complaint fails to comply with Rule 8 and would also be subject to dismissal under Rule 12(b)(6).

The court is cognizant of Plaintiff's pro se status.  As a result, the court will allow Plaintiff an opportunity to cure the defects as she may be able to state a claim against Defendant.  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  Therefore, Plaintiff must file an amended complaint that includes the approximate dates when events occurred, specific acts or omissions taken by Defendant, and a factual basis for each claim.

## IV.    Conclusion

Defendant's motion to dismiss or, in the alternative, for a more definite statement (Doc. 19) is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART.  Plaintiff's First Amendment retaliation claim is dismissed.  As to the remaining claims, on or before June 29, 2026, Plaintiff must file an amended complaint to address the deficiencies identified in this order.  Should Plaintiff fail to do so, her complaint will be dismissed without prejudice without further notice.

Plaintiff's motion to file a surreply (Doc. 33) is GRANTED.

IT IS SO ORDERED.  Dated this 9th day of June, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE